PER CURIAM.
This is an appeal from a final judgment of dissolution of marriage. We affirm in part and reverse in part.
The wife, appellant Donna Pyszka, claimed a special equity in the marital home. It is undisputed that the parties paid approximately $96,000.00 toward purchasing, remodeling and furnishing the marital home. It is also undisputed that the wife contributed approximately $65,000 of the $96,000 and that her money was acquired prior to the marriage.
In the final judgment, the trial court found that the husband had reimbursed the wife “approximately $45,000” of the $65,-000. It thus appears that the court gave the wife credit for a $20,000 special equity in the marital home. The wife contends that this computation was erroneous. After review of the record, we agree.
At trial, the husband, appellee Gerard Pyszka, testified regarding certain reimbursements he paid to the wife in connection with the marital home. He testified that these were $40,000 to $45,000. The court chose the latter figure, as it was entitled to do. The husband also testified, however, that $20,000 of the $45,000 was for reimbursement of items unrelated to the $65,000 advanced from the wife’s separate funds. Reading the testimony in the light most favorable to the husband on this point, he reimbursed no more than $25,000 *34 of the wife’s $65,000 contribution of separate funds. The wife is correct in saying that this finding by the trial court is not supported by competent substantial evidence and must be reversed. We remand for additional proceedings to ascertain the correct special equity and to modify the judgment appropriately.
It also appears that the final judgment incorrectly states the husband’s income. The figure in the final judgment did not include the year-end distributions the husband receives from his law firm. Therefore, this finding is also not supported by competent substantial evidence. Since this finding was not necessary for purposes of the judgment, we strike the finding.
We conclude that the trial court acted within the bounds of its discretion with regard to the denial of rehabilitative alimony and the denial of interest on the four installment payments of lump sum alimony. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). We affirm as to those points and affirm the remainder of the judgment.
Affirmed in part, reversed in part, and remanded.